IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RUFUS POINDEXTER,
ADC # 140873                                                                                    PLAINTIFF

V.                        CASE NO. 5:17-CV-00093 BSM/BD

JOHNNY GIBSON                                                                                DEFENDANT

# RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller Jr. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.    Discussion:**

Plaintiff Rufus Poindexter, an inmate at the Grimes Unit of the Arkansas Department of Correction ("ADC"), filed this lawsuit pro se and is proceeding *in forma pauperis*. He claims that Defendant Gibson violated his constitutional rights by failing to protect him from an inmate attack on September 24, 2014. (Docket entries #1, #2)

Defendant Gibson has now moved for summary judgment arguing that Mr. Poindexter failed to fully exhaust his administrative remedies prior to filing this lawsuit. (#6) Mr. Poindexter has not responded to the motion, and the time for responding has passed.

The Prison Litigation Reform Act requires the dismissal of all claims that were not fully exhausted prior to the filing of a lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory"). Furthermore, an inmate's subjective beliefs regarding exhaustion are irrelevant in determining whether administrative procedures are available. See *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Mr. Poindexter alleges that on September 23, 2014, Defendant Gibson was deliberately indifferent to his safety when he allowed an inmate to enter the Varner Unit dining hall without passing through a metal detector. The inmate then stabbed Mr. Poindexter in the face and back with a knife. (#1)

Mr. Poindexter brought this same claim against Defendant Gibson in a previous lawsuit. In that case, the Court found that Mr. Poindexter had failed to file a grievance before filing suit. The case was dismissed without prejudice based Mr. Poindexter's failure to exhaust administrative remedies. See *Poindexter v. Andrews*, E.D. Ark. Case No. 5:16cv00244 (dismissed February 16, 2017).

Mr. Poindexter did file a grievance before filing this case (#2, #8-1), but not until October 11, 2016-- almost two years after the incident occurred. The ADC denied the grievance as untimely. (#2, #8-1) And because Mr. Poindexter's grievance was untimely, ADC officials did not reach the merits of the complaint.

Unfortunately for Mr. Poindexter, he cannot proceed on his failure-to-protect claim because, again, he failed to comply with the ADC's grievance procedure. He did not file a grievance within the time prescribed by the ADC's grievance procedure, and this lawsuit cannot proceed without his having fully exhausted his administrative remedies.

## III. Conclusion:

The Court recommends that Mr. Poindexter's claims against the Defendant be DISMISSED, without prejudice, based on his failure to fully exhaust his administrative remedies before filing suit.

DATED this 9th day of May, 2017.

_____
UNITED STATES MAGISTRATE JUDGE